**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MICHAEL ERNANO, on behalf of himself and all others similarly situated,** | Index No.: 14 Civ. 1516 (JS)(ARL) |
| **Plaintiff,** | |
| -against- | **ANSWER** |
| **GARY MELIUS, JOHN ANTHONY DIPRETA, KATHY THOMPSON, FABIAN SANTIBANEZ, OHEKA MANAGEMENT CORP., OHEKA CATERING INC.,  OHEKA MANAGEMENT, LLC, OHEKA CATERING, LLC, and JOHN DOES 1 through 10,** | |
| **Defendants.** | |

Defendants, Gary Melius, John Anthony Dipreta, Kathy Thompson, Fabian Santibanez, Oheka Management Corp., Oheka Catering Inc., Oheka Management, LLC, Oheka Catering, LLC, by their attorneys, Franklin, Gringer & Cohen, P.C., as and for its answer to the Complaint, allege as follows:

1.  Defendants admit the allegations contained in Paragraph 1.

2.  Defendants deny the allegations contained in Paragraph 2 except admit that Plaintiff was employed by Defendant Oheka Catering Inc. as a bartender at the restaurant located at Oheka Castle.

3.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 3.

4.  Defendants admit the allegations contained in Paragraph 4.

5.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 5.

6.  Defendants deny the allegations contained in Paragraph 6.

7.  Defendants deny the allegations contained in Paragraph 7.

1

8.  Defendants deny the allegations contained in Paragraph 8.

9.  Defendants deny the allegations contained in Paragraph 9.

10. Defendants deny the allegations contained in Paragraph 10.

11. The eleventh paragraph of the Complaint alleges that Plaintiff is bringing this action on behalf of himself and other similarly situated employees, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*., and the New York Labor Law and as such does not set forth any factual allegations; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

12. The twelfth paragraph of the Complaint sets forth jurisdictional invocations and legal conclusions that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

13. The thirteenth paragraph of the Complaint sets forth jurisdictional invocations and legal conclusions that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

14. The fourteenth paragraph of the Complaint sets forth venue invocations and legal conclusions that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

15. Defendants deny the allegations contained in Paragraph 15 except admit that Plaintiff was employed by Defendant Oheka Catering Inc. as a bartender at the restaurant located at Oheka Castle.

16.  Defendants deny the allegations contained in Paragraph 16 except admit that Defendant Gary Melius owns and resides at Oheka Castle and has the ability to make decisions relating to employment.

17.  Defendants deny the allegations contained in Paragraph 17 except admit that Defendant John Anthony Dipreta is a Banquet Manager of OCI, resides in Huntington, New York, and has the ability to make decisions relating to employment.

18.  Defendants deny the allegations contained in Paragraph 18 except admit that Defendant Fabian Santibanez is the Hotel Manager of Oheka Castle, resides in Huntington, New York, and has the ability to make decisions relating to employment.

19.  Defendants deny the allegations contained in Paragraph 19 except admit that Defendant Kathy Thompson is the Banquet Manager of OCI, and has the ability to make decisions relating to employment.

20.  Defendants deny the allegations contained in Paragraph 20 except admit that Defendant Oheka Castle Management was a New York corporation with its principal place of business in Huntington, New York and that Oheka Management Corp. ceased operations at the end of 2010.

21.  Defendants deny the allegations contained in Paragraph 21 except admit that Defendant Oheka Catering, Inc. is a New York corporation with its principal place of business in Huntington, New York and that Defendants John Anthony Dipreta and Kathy Thompson are Banquet Managers of Oheka Catering, Inc.

22.  Defendants deny the allegations contained in Paragraph 21 except admit that Defendant Oheka Management, LLC is a New York limited liability company with its principal place of business in Huntington, New York.

3

23. Defendants deny the allegations contained in Paragraph 23 except admit that Defendant Oheka Catering, LLC is a New York limited liability company with its principal place of business in Huntington, New York.

24. Defendants deny the allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25.

26. Defendants admit the allegations contained in Paragraph 26.

27. Defendants admit the allegations contained in Paragraph 27.

28. Defendants deny the allegations contained in Paragraph 28.

29. Defendants deny the allegations contained in Paragraph 29.

30. Defendants deny the allegations contained in Paragraph 30.

31. Defendants deny the allegations contained in Paragraph 31.

32. Defendants deny the allegations contained in Paragraph 32.

33. Defendants deny the allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34.

35. Defendants admit the allegations contained in Paragraph 35.

36. Defendants admit the allegations contained in Paragraph 36.

37. Defendants deny the allegations contained in Paragraph 37.

38. Defendants deny the allegations contained in Paragraph 38.

39. Defendants deny the allegations contained in Paragraph 39.

40. The fortieth paragraph of the Complaint sets forth legal conclusions that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

4

41. The forty-first paragraph of the Complaint sets forth legal conclusions that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

42. Defendants deny the allegations contained in Paragraph 42.

43. Defendants deny the allegations contained in Paragraph 43.

44. Defendants deny the allegations contained in Paragraph 44.

45. Defendants deny the allegations contained in Paragraph 45.

46. The forty-sixth paragraph of the Complaint sets forth legal conclusions that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

47. The forty-seventh paragraph of the Complaint sets forth legal conclusions that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

48. The forty-eighth paragraph of the Complaint sets forth legal conclusions that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

49. Defendants deny the allegations contained in Paragraph 49.

50. Defendants deny the allegations contained in Paragraph 50.

51. Defendants deny the allegations contained in Paragraph 51.

52. Defendants deny the allegations contained in Paragraph 52.

53. Defendants deny the allegations contained in Paragraph 53.

54. As to Paragraph 54 of the Complaint, Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 to 53 of the Complaint as if fully set forth herein.

55. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 55.

56. Defendants deny the allegations contained in Paragraph 56.

57. Defendants deny the allegations contained in Paragraph 57.

58. Defendants admit the allegations contained in Paragraph 58.

59. Defendants deny the allegations contained in Paragraph 59.

60. The sixtieth paragraph of the Complaint sets forth legal conclusions that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

61. Defendants deny the allegations contained in Paragraph 61.

62. Defendants deny the allegations contained in Paragraph 62.

63. Defendants deny the allegations contained in Paragraph 63.

64. Defendants deny the allegations contained in Paragraph 64.

65. As to Paragraph 65 of the Complaint, Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 to 64 of the Complaint as if fully set forth herein.

66. Defendants deny knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations set forth in Paragraph 66.

67. Defendants deny the allegations contained in Paragraph 67.

68. Defendants deny the allegations contained in Paragraph 68.

69. Defendants deny the allegations contained in Paragraph 69.

70. Defendants deny the allegations contained in Paragraph 70.

71. Defendants deny the allegations contained in Paragraph 71.

72. As to Paragraph 72 of the Complaint, Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 to 71 of the Complaint as if fully set forth herein.

73. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 73.

74. Defendants deny the allegations contained in Paragraph 74.

75. Defendants deny the allegations contained in Paragraph 75.

76. Defendants deny the allegations contained in Paragraph 76.

77. Defendants deny the allegations contained in Paragraph 77.

78. Defendants deny the allegations contained in Paragraph 78.

79. As to Paragraph 79 of the Complaint, Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 to 78 of the Complaint as if fully set forth herein.

80. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 80.

81. The eighty-first paragraph of the Complaint sets forth legal conclusions that Defendants are not obligated to answer; to the extent it may be read as setting forth any

allegations of fact, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

82. Defendants deny the allegations contained in Paragraph 82.

83. Defendants deny the allegations contained in Paragraph 83.

84. Defendants deny the allegations contained in Paragraph 84.

85. Defendants deny the allegations contained in Paragraph 85.

86. As to Paragraph 86 of the Complaint, Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 to 85 of the Complaint as if fully set forth herein.

87. Defendants deny the allegations contained in Paragraph 87.

88. Defendants deny the allegations contained in Paragraph 88.

89. Defendants deny the allegations contained in Paragraph 89.

90. Defendants deny the allegations contained in Paragraph 90.

91. Defendants deny the allegations contained in Paragraph 91.

92. Defendants deny the allegations contained in Paragraph 92.

93. Defendants deny the allegations contained in Paragraph 93.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

94. The Complaint fails to state any claims by Plaintiff against Defendants upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

95. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods and/or by the doctrine of laches.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

96. Plaintiff cannot proceed simultaneously as a class action pursuant to the FLSA and a class action pursuant to state law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

97. Defendants did not engage in willful conduct in violation of the FLSA and, at all times relevant to this action, acted in good faith and based upon a reasonable belief that its acts or omissions were not in violation of the FLSA.  Accordingly, pursuant to the FLSA, Plaintiff's statute of limitations is two years and Plaintiff's claims are barred by the statute of limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

98. Plaintiff is not entitled to liquidated damages because Defendants acted in good faith and had reason to believe its actions and/or omissions did not willfully violate federal and/or state law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

99. Plaintiff is not a suitable representative for the purported class.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

100. Plaintiff's purported class is not similarly situated.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

101. Plaintiff's claims are barred, in whole or part, by equitable defenses, including the doctrines of equitable estoppel, laches, waiver and/or unclean hands because  inter alia Plaintiff failed to report and record properly all purported work time in violation of established policy.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

102. Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the New York Labor Law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

103. To the extent Plaintiff or any other putative opt-in or class action participant is exempt from eligibility for overtime compensation pursuant to the Fair Labor Standards Act, he or she is not entitled to overtime compensation under the FLSA or under New York Law pursuant to the New York Labor Law and/or applicable wage orders.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

104. Pendent, supplemental or other jurisdiction should not be exercised over Plaintiff's state law claims.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

105. Plaintiff's claims cannot and should not be maintained on a class and/or collective action basis because those claims fail to meet the necessary requirements for certification as a class or collective action, including, *inter alia*, numerosity, commonality, typicality, predominance, superiority, adequacy of class counsel and similarity.

Dated: Garden City, New York
       May 12, 2014

                              Respectfully submitted,


                    By:    /s_____
                           Joshua Marcus, Esq. (JM 4250)
                           **FRANKLIN, GRINGER &**
                           **COHEN, P.C.**
                           *Attorneys for Defendants*
                           666 Old Country Road, Suite 202
                           Garden City, NY 11530-2013
                           (516) 228-3131

To: Christopher Marlborough, Esq.
    **THE MARLBOROUGH LAW FIRM, P.C.**
    *Attorneys for Plaintiff*
    555 Fifth Avenue, 14th Floor
    New York, NY 10017
    (212) 991-8960